**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of New York _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Collective, Inc. |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Visto; Visto Hub; Visto The Ad Hub; Visto By Collective; Collective Europe; C Collective The Audience Engine; The Audience Engine; Collective Media; Collective Desk; Collective Video; Collective Network;  Compass IQ; Compass By Collective;  AMP; Web TV; Personifi; All Front; Wherevertising; Life Is But A Screen; TV Accelerator; Advertising Should Be A Deviceful Experience; Causal Attribution |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number** (EIN) | 2 0 – 5 7 6 2 0 2 4 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 72 Madison Avenue, 3rd Floor | |
| Number      Street | Number      Street |
| | P.O. Box |
| New York, New York 10016 | |
| City      State      ZIP Code | City      State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| New York | |
| County | Number      Street |
| | |
| | City      State      ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | www.vistohub.com |

| | |
|---|---|
| 6. **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding  LLP)<br>☐ Other. Specify: _____ |

| Debtor | Collective, Inc. | Case number *(if known)* _____ |
|---|---|---|
| | *Name* | |

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

__5__  __4__  __1__  __8__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____  When _____  Case number _____
                                          MM / DD / YYYY

              District _____  When _____  Case number _____
                                          MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   See attached Annex A   Relationship   Affiliate

              District   Southern District of New York   When   11/19/2018
                                                                    MM / DD / YYYY

              Case number, if known _____

Debtor     Collective, Inc._____     Case number *(if known)*_____
                Name

**11. Why is the case filed in *this district?***     *Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number         Street

_____

_____
City                                          State        ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name     _____

Phone     _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**     *Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☑ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Collective, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**
(on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☑ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☐ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☐ I have been authorized to file this petition on behalf of the debtor.

☐ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/19/2018
MM / DD / YYYY

✖ /s/ Kerry Bianchi

Signature of authorized representative of debtor

Kerry Bianchi

Printed name

Title  President & Chief Executive Officer

**18. Signature of attorney**

✖ /s/ Andrew Goldman

Signature of attorney for debtor

Date   11/19/2018
MM / DD / YYYY

Andrew Goldman
Printed name

Wilmer Cutler Pickering Hale and Dorr LLP
Firm name

7 World Trade Center, 250 Greenwich Street
Number      Street

New York
City

New York   10007
State      ZIP Code

(212) 230-8800
Contact phone

andrew.goldman@wilmerhale.com
Email address

2520930
Bar number

New York
State

**Annex A**

Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of **Collective, Inc.**

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT |
|---|---|---|---|
| Collective, Inc. | 18-_____( ) | November 19, 2018 | S.D.N.Y. |
| CME Co-Op, LLC | 18-_____( ) | November 19, 2018 | S.D.N.Y. |

**COLLECTIVE, INC.**
**SECRETARY'S CERTIFICATE**

November 19, 2018

I, Michelle Nathan, certify that I am the Corporate Secretary of Collective, Inc., a Delaware corporation (the "<u>Company</u>") and am authorized to execute this Certificate on behalf of the Company.

Solely in my capacity as Corporate Secretary, I certify that:

Attached hereto as Exhibit 1 is a true copy of the resolutions unanimously adopted by the Board of Directors of the Company by written consent in lieu of meeting on November 19, 2018, and that such resolutions have not been altered, amended, or rescinded, and are still in full force and effect as of the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand this 19th day of November, 2018.

COLLECTIVE, INC.

By:  Michelle Nathan
Title: Corporate Secretary

# **<u>EXHIBIT 1</u>**

ACTION BY THE BOARD OF DIRECTORS
OF COLLECTIVE, INC.

BY WRITTEN CONSENT IN LIEU OF MEETING

Adopted November 19, 2018

Authorization for Filing Voluntary Petition Under
Chapter 11 of the Bankruptcy Code and Related Matters

In accordance with Section 141(f) of the General Corporation Law of the State of Delaware, the Amended and Restated Certificate of Incorporation of Collective, Inc., and the Bylaws of Collective, Inc., the undersigned Board Members (the "Board") of Collective, Inc., a Delaware corporation (the "Company"), hereby adopt the following resolutions (the "Resolutions").

**WHEREAS**, the Board has considered the financial and operational conditions of the Company;

**WHEREAS**, the Board has received, reviewed, and considered the recommendation of senior management of the Company and the advice of the Company's professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under chapter 11 of title 11 of the United States Code (as amended or modified, the "Bankruptcy Code");

**WHEREAS**, the Board has reviewed, considered, and received the stalking horse bid ("Stalking Horse Bid") of Zeta Global Holdings Corp. ("Zeta" or the "Stalking Horse Bidder") pursuant to that certain Asset Purchase Agreement (together with the exhibits thereto, and as may be amended, modified, or supplemented from time to time in accordance with the terms thereof, the "Stalking Horse APA"),[1] dated as of November 19, 2018, which Stalking Horse APA contemplates, pursuant to the terms and subject to the conditions contained therein, the sale of substantially all of the Company's assets to the Stalking Horse Bidder in consideration of 1,150,307 shares of Series F-2 Preferred Stock of Zeta, with a deemed aggregate value of $15,000,000, plus payment in cash of cure costs with respect to any executory contracts and unexpired leases to be assumed and assigned to the Stalking Horse Bidder, plus assumption of the Assumed Liabilities (as defined in the Stalking Horse APA), and which is to be consummated through a sale under section 363 of the Bankruptcy Code;

**I.    Commencement of Chapter 11 Case**

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Board has determined in its business judgment that it is in the best interest of the Company, its creditors, shareholders, employees, other

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Stalking Horse APA.

- 1 -

interested parties and stakeholders that voluntary petitions be filed by the Company and by its subsidiary CME Co-Op, LLC ("CME") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and it is

FURTHER RESOLVED, that the filing of such a petition by the Company is authorized hereby; and it is

FURTHER RESOLVED, that the Board Members, the Company's officers, and any other person designated and so authorized to act by a director or officer (collectively, the "Authorized Persons") hereby are, and each of them is, authorized and empowered to (a) execute, verify and file on behalf of the Company all documents necessary or appropriate in connection with the filing of said bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings, and other papers or documents in connection with such chapter 11 petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Company's chapter 11 case; (c) appear as necessary at all bankruptcy proceedings on behalf of the Company; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

## II.    **Debtor-in-Possession Financing**

FURTHER RESOLVED, that in connection with the chapter 11 case, it is in the best interests of the Company to engage in, and the Company will obtain benefits from, the lending transactions under that certain first-priority secured debtor-in-possession multiple draw term loan credit facility in a maximum aggregate principal amount of $4 million to be evidenced by that certain Term Sheet, to be entered into by and among the Company, as Borrower, CME Co-Op, LLC, as Guarantor, National Electrical Benefit Fund, as Lender, and RCP Advisors 2, LLC, as successor-in-interest to Columbia Partners, L.L.C., Investment Management, as Agent (together with the Exhibits and Schedules annexed thereto, the "DIP Term Sheet") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Term Sheet); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (the "Debtor-in-Possession Financing"); and it is

FURTHER RESOLVED, that the form, terms and provisions of each of (i) the DIP Term Sheet, including the use of proceeds to provide liquidity for the Company throughout the chapter 11 case, substantially in the form presented to the Board and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Term Sheet, collectively, the "DIP Financing Documents") and the Company's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and it is

FURTHER RESOLVED, that the Authorized Persons are, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the

- 2 -

Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Term Sheet and any other DIP Financing Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Term Sheet and any other DIP Financing Documents; and it is

**FURTHER RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations under and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder (collectively, the "DIP Financing Transactions"); and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Lender and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lender in connection with the foregoing; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Person's judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Term Sheet or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, waivers of certain provisions of or other modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Term Sheet and/or any of the DIP Financing Documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable; and it is

## III.   Bidding Procedures

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and empowered to propose bidding procedures for an auction and sale of substantially all of the assets of the Company in connection with the bankruptcy proceedings, negotiate, agree upon the terms of, and consummate a sale of substantially all of the assets of the Company, in each case subject to Bankruptcy Court approval in the Company's chapter 11 case, all in accordance with the terms of the Stalking Horse Bid; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and empowered to enter into the Stalking Horse APA, subject to Bankruptcy Court approval in the Company's chapter 11 case, and also subject to higher or better offers submitted in accordance with the terms and conditions of the bidding procedures; and it is

## IV.   Retention of Professionals

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to employ the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") as bankruptcy counsel to assist the Company in filing for relief under chapter 11 of the Bankruptcy Code and in carrying out the Company's duties under chapter 11 of the Bankruptcy Code, and the officers of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain WilmerHale as the Company's bankruptcy counsel; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to retain Oaklins DeSilva & Phillips LLC as investment banker to the Company, and the officers of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain Oaklins DeSilva & Phillips LLC as the Company's investment banker; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to retain Epiq Corporate Restructuring, LLC as claims and noticing agent and administrative agent, and the officers of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain Epiq Corporate Restructuring, LLC as the Company's claims and noticing agent and administrative agent; and it is

## V.    Other Items

**FURTHER RESOLVED**, that the Company shall cause its subsidiary CME to file a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York through the written consent attached hereto as **Annex A**, which is hereby adopted as if fully set forth herein; and it is

**FURTHER RESOLVED**, that the Company shall cause its subsidiary CME to guaranty the obligations of the Company under the Debtor-in-Possession Financing through **Annex A** hereto; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to take any and all actions on behalf of the Company deemed necessary and proper by such person to cause CME to effect the transactions contemplated hereby; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any officer in connection with the chapter 11 case, or any further action to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the acts, actions and transactions heretofore taken by the officers or the Board in the name of and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions, which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts were taken before the resolutions were adopted, be, and hereby are, ratified, confirmed, and approved in all respects; and it is

**FURTHER RESOLVED**, that this consent shall be filed with the minutes of the Company.

\*      \*      \*

# **ANNEX A**

**WRITTEN CONSENT
OF THE SOLE MEMBER OF
CME CO-OP, LLC**

Collective, Inc., being the sole member (the "Member") of CME Co-Op, LLC, a Delaware limited liability company ("CME"), in accordance with the CME's Operating Agreement dated as of August 18, 2010 (the "Operating Agreement") and the Delaware Limited Liability Company Act, hereby adopts the following resolutions by written consent as of the date set forth above.

**WHEREAS**, the Member is the sole member of CME;

**WHEREAS**, the Member's Board (the "Board") has considered the financial and operational conditions of CME;

**WHEREAS**, the Board has reviewed, considered, and received the recommendation of senior management of the Member and the advice of the Member's professionals and advisors with respect to the options available to CME, including the possibility of pursuing a restructuring or sale of CME's business and assets under chapter 11 of title 11 of the United States Code (as amended or modified, the "Bankruptcy Code");

**WHEREAS**, the Board has reviewed, considered, and received the stalking horse bid ("Stalking Horse Bid") of Zeta Global Holdings Corp. ("Zeta" or the "Stalking Horse Bidder") pursuant to that certain Asset Purchase Agreement (together with the exhibits thereto, and as may be amended, modified, or supplemented from time to time in accordance with the terms thereof, the "Stalking Horse APA"),[2] dated as of November 19, 2018, which Stalking Horse APA contemplates, pursuant to the terms and subject to the conditions contained therein, the sale of substantially all of the Member's assets to the Stalking Horse Bidder in consideration of 1,150,307 shares of Series F-2 Preferred Stock of Zeta, with a deemed aggregate value of $15,000,000, plus payment in cash of cure costs with respect to any executory contracts and unexpired leases to be assumed and assigned to the Stalking Horse Bidder, plus assumption of the Assumed Liabilities (as defined in the Stalking Horse APA), and which is to be consummated through a sale under section 363 of the Bankruptcy Code;

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Member and the advice of the Member's professionals and advisors, the Board has determined in its business judgment that it is in the best interest of CME, its creditors, shareholders, employees, other interested parties and stakeholders that voluntary petitions be filed by the Member and by CME under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED**, that the filing of such a petition by CME is authorized hereby; and it is

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Stalking Horse APA.

**FURTHER RESOLVED**, that the members of the Board, the Member's officers, and any other person designated and so authorized to act by a director or officer of the Member (collectively, the "Authorized Persons") hereby are, and each of them is, authorized and empowered to (a) execute, verify and file on behalf of CME all documents necessary or appropriate in connection with the filing of said bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings, and other papers or documents in connection with such chapter 11 petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with CME's chapter 11 case; (c) appear as necessary at all bankruptcy proceedings on behalf of CME; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and empowered to propose bidding procedures for an auction and sale of substantially all of the assets of CME in connection with the bankruptcy proceedings, negotiate, agree upon the terms of, and consummate a sale of substantially all of the assets of CME, in each case subject to Bankruptcy Court approval in CME's chapter 11 case; and it is

**FURTHER RESOLVED**, that in connection with the chapter 11 case, it is in the best interests of CME to engage in, and CME will obtain benefits from, the lending transactions under that certain first-priority secured debtor-in-possession multiple draw term loan credit facility in a maximum aggregate principal amount of $4 million to be evidenced by that certain Term Sheet, to be entered into by and among the Member, as Borrower, CME, as Guarantor, National Electrical Benefit Fund, as Lender, and RCP Advisors 2, LLC, as successor-in-interest to Columbia Partners, L.L.C., Investment Management, as Agent (together with the Exhibits and Schedules annexed thereto, the "DIP Term Sheet") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Term Sheet); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of CME (the "Debtor-in-Possession Financing"); and it is

**FURTHER RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, substantially in the form presented to the Board and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement, collectively, the "DIP Financing Documents") and CME's performance of its obligations thereunder, including the guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and it is

**FURTHER RESOLVED**, that CME be, and hereby is, authorized to guaranty the obligations of the Member under and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder (collectively, the "DIP Financing Transactions"); and it is

- 2 -

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of CME, to cause CME to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Term Sheet and any other DIP Financing Documents, in the name and on behalf of CME under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Term Sheet and any other DIP Financing Documents; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized to grant security interests in, and liens on, any and all property of CME as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of CME thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of CME, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of CME, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Person's judgment, be necessary, proper or advisable to perform CME's obligations under or in connection with the DIP Term Sheet or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of CME, to execute and deliver any amendments, supplements, waivers of certain provisions of or other modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Term Sheet and/or any of the DIP Financing Documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to employ the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") as bankruptcy counsel to assist CME in filing for relief under chapter 11 of the Bankruptcy Code and in carrying out CME's duties under chapter 11 of the Bankruptcy Code, and the officers of CME are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain WilmerHale as CME's bankruptcy counsel; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to retain Oaklins DeSilva & Phillips LLC as investment banker to CME, and the officers of CME are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain Oaklins DeSilva & Phillips LLC as CME's investment banker; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to retain Epiq Corporate Restructuring, LLC as claims and noticing agent and administrative agent, and the officers of CME are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain Epiq Corporate Restructuring, LLC as CME's claims and noticing agent and administrative agent; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any officer in connection with the chapter 11 case, or any further action to seek relief on behalf of CME under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of CME; and it is

**FURTHER RESOLVED**, that the acts, actions and transactions heretofore taken by the officers or the Board in the name of and on behalf of CME in furtherance of the purpose and intent of any or all of the foregoing resolutions, which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts were taken before the resolutions were adopted, be, and hereby are, ratified, confirmed, and approved in all respects; and it is

**FURTHER RESOLVED**, that this consent shall be filed with the minutes of CME.

\*       \*       \*

- 4 -

| Fill in this information to Identify the case: |
| --- |

Debtor Name:    Collective, Inc. (f/k/a Collective Media, Inc.)

United States Bankruptcy Court for the:    District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | JENJO LLC ATTN: LEGAL/GENERAL COUNSEL 5 GREAT JONES STREET 2 NEW YORK, NY  10012 | CONTACT: LEGAL/GENERAL COUNSEL PHONE: (617) 270-8555 info@jenjo.com | TRADE DEBT/LITIGATION | Contingent Unliquidated Disputed | | | $2,091,908.00 |
| 2 | BRANDED ENTERTAINMENT NETWORK ATTN: RICKEY RAY BUTLER, CEO 15250 VENTURA BLVD., STE. 300 SHERMAN OAKS, CA  91403 | CONTACT: RICKY RAY BUTLER, CEO PHONE: (310) 342-1500 | TRADE DEBT | Disputed | | | $322,817.00 |
| 3 | 99 PARK AVENUE ASSOCIATES, L.P. ATTN: ACCOUNTS RECEIVABLE 410 PARK AVENUE, 20TH FLOOR NEW YORK, NY  10022 | CONTACT: ACCOUNTS RECEIVABLE PHONE: (212) 661-3495 FAX: (212) 867-8805 | RENT | | | | $127,557.00 |
| 4 | ZETAXCHANGE ATTN: DAVID A. STEINBERG, CEO 185 MADISON AVE. 5 FL NEW YORK, NY  10016 | CONTACT: DAVID A STEINBERG, CEO PHONE: 212-660-2500 info@zetaglobal.com | TRADE DEBT | | | | $115,822.00 |
| 5 | APPNEXUS INC. ATTN: MICHAEL RUBENSTEIN, PRESIDENT DEPT CH 19467 PALATINE, IL  60055-9467 | CONTACT: MICHAEL RUBENSTEIN, PRESIDENT PHONE: (646) 604-2406 FAX: (646) 825-6465 | TRADE DEBT | | | | $102,217.00 |
| 6 | ORION WORLDWIDE, LLC ATTN: JASON CHUNG, SR. FINANCIAL ANALYST 622 THIRD AVENUE NEW YORK, NY  10017 | CONTACT: JASON CHUNG, SR. FINANCIAL ANALYST PHONE: (212) 551 4017 FAX: (917) 542-7001 jason.chung@orionworldwide.com | TRADE DEBT | | | | $93,626.00 |

Debtor: Collective, Inc. (f/k/a Collective Media, Inc.)   Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  MIGHTYHIVE INC. ATTN: PETE KIM, CEO 394 PACIFIC AVE. FI. 5 SAN FRANCISCO, CA  94111 | CONTACT: PETE KIM, CEO PHONE: (888) 727-9742 questions@mightyhive.com | TRADE DEBT | | | | $78,492.00 |
| 8  DELOITTE & TOUCHE LLP ATTN: ACCOUNTS RECEIVABLE P.O. BOX 844708 DALLAS, TX  75284-4708 | CONTACT: ACCOUNTS RECEIVABLE PHONE: (214) 840-7000 FAX: (214) 462-4010 | TRADE DEBT | | | | $75,000.00 |
| 9  CLOUDERA, INC. ATTN: JOHN ENDO, SR. AR ACCOUNTANT 395 PAGE MILL ROAD PALO ALTO, CA  94306 | CONTACT: JOHN ENDO, SR. AR ACCOUNTANT PHONE: (650) 362-0488 FAX: (888) 789-1488 john.endo@cloudera.com | TRADE DEBT | | | | $70,000.00 |
| 10  MOAT INC ATTN: JONAH GOODHARD, CEO 222 S ALBANY ST 2 ITHACA, NY  14850 | CONTACT: JONAH GOODHARD, CEO PHONE: (910) 454-0780 FAX: (626) 628-1794 | TRADE DEBT | | | | $56,375.00 |
| 11  INTERNAP NETWORK SERVICES ATTN: PETER D. AQUINO, CEO DEPT 0526 P.O. BOX 120526 DALLAS, TX  75312-0526 | CONTACT: PETER D AQUINO, CEO PHONE: (404) 681-7640 billing@inap.com | TRADE DEBT | | | | $30,441.00 |
| 12  DOUBLE VERIFY, INC ATTN: WAYNE GATTINELLA, PRESIDENT & CEO 575 8TH AVENUE 8TH FLOOR NEW YORK, NY  10018 | CONTACT: WAYNE GATTINELLA, PRESIDENT & CEO PHONE: (212) 631-2150 FAX: (212) 239-0548 info@doubleverify.com | TRADE DEBT | Disputed | | | $28,652.00 |
| 13  GRAPESHOT LTD ATTN: KURT KRATCHMAN, COO 9 DUKES COURT 54-62 NEWMARKET ROAD CAMBRIDGE  CB5  8DZ  UNITED KINGDOM | CONTACT: KURT KRATCHMAN, COO PHONE: (440) 122-3790  EXT. 6600 thedatahotline@oracle.com | TRADE DEBT | | | | $28,011.00 |
| 14  PROHASKA CONSULTING LLC ATTN: MATT PROHASKA, PRINCIPAL & CEO 99 MADISON AVENUE, 5TH FLOOR NEW YORK, NY  10016 | CONTACT: MATT PROHASKA, PRINCIPAL & CEO PHONE: (917) 597-6568 matt@prohaskaconsulting.com | TRADE DEBT | | | | $25,400.00 |
| 15  BEESWAX.IO CORPORATION ATTN: ACCOUNTS RECEIVABLE 572 GRAND STREET G1301 NEW YORK, NY  10002 | CONTACT: ACCOUNTS RECEIVABLE PHONE: (917) 576-1488 ramr@beeswax.io | TRADE DEBT | | | | $24,786.00 |
| 16  TARLOW & CO. CPAS ATTN: ALEXANDER CHARITOS, ACCOUNTING DIR. 7 PENN PLAZA, STE 210 NEW YORK, NY  10001-3900 | CONTACT: ALEXANDER CHARITOS, ACCOUNTING DIR. PHONE: (212) 697-8540 info@tarlow.com | TRADE DEBT | | | | $23,242.00 |
| 17  SILLS CUMMIS & GROSS P.C. ATTN: ACCOUNTS RECEIVABLE ONE RIVERFRONT PLAZA NEWARK, NJ  07102 | CONTACT: ACCOUNTS RECEIVABLE PHONE: (973) 643-7000 FAX: (973) 643-6500 sillsmail@sillscummis.com | TRADE DEBT | | | | $21,696.00 |

Debtor: Collective, Inc. (f/k/a Collective Media, Inc.)    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | ZAPP360 ATTN: ROSIE OMEARA, CEO 135 MADISON, 8TH FLOOR NEW YORK, NY 10016 | CONTACT: ROSIE OMEARA, CEO PHONE: (646) 657-9060 first@zapp360.com | TRADE DEBT | | | | $19,050.00 |
| 19 | DSTILLERY INC. ATTN: MICHAEL BEEBE, CEO 470 PARK AVE S. NEW YORK, NY 10016 | CONTACT: MICHAEL BEEBE, CEO PHONE: (646) 278-4929 FAX: (917) 571-3422 contact@distillery.com | TRADE DEBT | | | | $18,745.00 |
| 20 | REIGER CONSULTING ATTN: ACCOUNTS RECEIVABLE 225 WEST WAYNE AVE. WAYNE, PA 19087 | CONTACT: ACCOUNTS RECEIVABLE PHONE: (214) 676-9804 FAX: (214) 676-9804 services@reigerconsulting.com | TRADE DEBT | | | | $18,600.00 |
| 21 | COMERICA CREDIT CARD ATTN: ACCOUNTS RECEIVABLE DEPARTMENT 166901 PO BOX 55000 DETROIT, MI 48255 | CONTACT: ACCOUNTS RECEIVABLE PHONE: (214) 462-4000 FAX: (214) 462-4010 | TRADE DEBT | | | | $16,295.00 |
| 22 | GARTNER INC ATTN: EUGENE A HALL, CEO P.O. BOX 911319 DALLAS, TX 75391-1319 | CONTACT: EUGENE A HALL, CEO PHONE: (203) 964-0096 inquiry@gartner.com | TRADE DEBT | | | | $15,896.00 |
| 23 | CLARITY ATTN: ACCOUNTS RECEIVABLE 110 GREENE STREET SUITE 303 NEW YORK, NY 10012 | CONTACT: ACCOUNTS RECEIVABLE PHONE: (646) 934-6924 | TRADE DEBT | | | | $15,088.00 |
| 24 | NSONE INC ATTN: KRIS BEEVERS, CEO 225 BROADWAY SUITE 2901 NEW YORK, NY 10007 | CONTACT: KRIS BEEVERS, CEO PHONE: (212) 227-8638 nj@ns1.com | TRADE DEBT | | | | $14,000.00 |
| 25 | LINKEDIN CORPORATION ATTN: ACCOUNTS RECEIVABLE 62228 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693-0622 | CONTACT: ACCOUNTS RECEIVABLE | TRADE DEBT | | | | $11,862.00 |
| 26 | RAMDASS KESHAVAMURTHY ATTN: ACCOUNTS RECEIVABLE 3688 13TH D MAIN 9TH CROSS HAL II STAGE BANGALORE INDIA | CONTACT: ACCOUNTS RECEIVABLE | TRADE DEBT | | | | $10,620.00 |
| 27 | FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP ATTN: ACCOUNTS RECEIVABLE 75 REMITTANCE DRIVE SUITE 6072 CHICAGO, IL | CONTACT: ACCOUNTS RECEIVABLE PHONE: (602) 266-1825 FAX: (602) 266-1826 phoenixinfo@fragomen.com | TRADE DEBT | | | | $10,554.00 |
| 28 | HEWLETT PACKARD ENTERPRISE COMPANY ATTN: ACCOUNTS RECEIVABLE P.O. BOX 101032 ATLANTA, GA 30932 | CONTACT: ACCOUNTS RECEIVABLE PHONE: (650) 687-5817 | TRADE DEBT | | | | $10,500.00 |

Debtor:  Collective, Inc. (f/k/a Collective Media, Inc.)                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29  NEUSTAR INC. ATTN: KEVIN HUGHES, SVP & GENERAL COUNSEL P.O. BOX 742000 ATLANTA, GA  30374-2000 | CONTACT: EVIN HUGHES, SVP & GENERAL COUNSEL PHONE: (571) 434-5400 billingsupport@team.newstar | TRADE DEBT | | | | $10,500.00 |
| 30  AD-JUSTER, INC. ATTN: DENNIS CLARKE, CEO 13280 EVENING CREEK DR. S, SUITE 100 SAN DIEGO, CA  92128 | CONTACT: DENNIS CLARKE, CEO PHONE: (858) 842-1386 | TRADE DEBT | | | | $9,600.00 |

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name __Collective, Inc. and CME Co-Op, LLC (consolidated)__

United States Bankruptcy Court for the: __Southern__ District of __New York__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __11/19/2018__        ✗ _Kerry Bianchi_____
                MM / DD / YYYY            Signature of individual signing on behalf of debtor

                    Kerry Bianchi
                    Printed name

                    President and Chief Executive Officer
                    Position or relationship to debtor