WILMER CUTLER PICKERING
 HALE AND DORR LLP
Andrew N. Goldman
Nancy L. Manzer
Benjamin W. Loveland (*pro hac vice* pending)
Christopher D. Hampson (*pro hac vice* pending)
7 World Trade Center
250 Greenwich Street
New York, New York  10007
Telephone:    (212) 230-8800
Facsimile:    (212) 230-8888

*Proposed Counsel to the Debtors*
*and Debtors in Possession*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| COLLECTIVE, INC., | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 20-5762024 | |
| In re: | Chapter 11 |
| CME CO-OP, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. N/A | |

**DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 1015(b) FOR
ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
<u>CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF</u>**

Collective, Inc. and CME Co-Op, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), by and through their undersigned counsel, hereby submit this *Debtors' Motion Pursuant to Fed. R. Bankr. P. 1015(b) for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (the "**Motion**"), and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. The statutory predicate for the relief sought herein is rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

4. On the date hereof (the "**Petition Date**"), the Debtors commenced voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the U.S. Code (the "**Bankruptcy Code**"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

6.     Additional information regarding the Debtors' business operations, corporate and capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the Declaration of Kerry Bianchi Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on the date hereof (the "**Bianchi Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## RELIEF REQUESTED

7.     By this Motion, the Debtors request entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b). In addition, the Debtors respectfully request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Collective, Inc., and that these Chapter 11 Cases be jointly administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COLLECTIVE, INC., *et al*., | ) ) | Case No. 18-_____ (___) |
| Debtors.[1] | ) ) ) ) | (Jointly Administered) |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Collective, Inc. (2024) and CME Co-Op, LLC (N/A). The location of the Debtors' corporate headquarters and the Debtors' service address is: 72 Madison Ave, 3rd Floor, New York, NY 10016.

3

8. The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk of the Court to reflect the joint administration of the Debtors' Chapter 11 Cases:

> An Order has been entered in accordance with rule 1015(b) of the Bankruptcy Rules directing the procedural consolidation and joint administration of the chapter 11 cases of Collective, Inc. and CME Co-Op, LLC. The docket in Case No. 18-[    ] (    ) should be consulted for all matters affecting the case.

9. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the United States Trustee for Region 2 (revised December 14, 2017) on a consolidated basis.

10. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

## BASIS FOR RELIEF REQUESTED

11. On the date hereof, the Debtors commenced the above-captioned Chapter 11 Cases by filing the appropriate petitions with the Court. As set forth in the Bianchi Declaration, there are two (2) Debtors, with approximately 100 to 150 creditors, as well as many other parties in interest, in these Chapter 11 Cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated Chapter 11 Cases, will yield cost savings, and will not prejudice the substantive rights of any party in interest. Indeed, the Debtors' review indicates that CME Co-Op, LLC has no creditors of its own, further attenuating any prejudice to third parties.

12. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a

joint administration of the estates." Fed. R. Bankr. P. 1015(b). As set forth in the Bianchi Declaration, the Debtors in these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code, because Collective, Inc. is the sole member of CME Co-Op, LLC. Accordingly, the Court is authorized to grant the relief requested herein.

13. Collective, Inc. is the sole member of CME Co-Op, LLC. As a result, many of the motions, hearings and orders that will arise in these cases will affect both Debtors. Joint administration of these Chapter 11 Cases therefore will reduce fees and costs by avoiding duplicative filings, objections, notices, and hearings. Joint administration also will allow the United States Trustee (the "**U.S. Trustee**") and all other parties in interest, including creditors, to monitor these Chapter 11 Cases with greater ease and efficiency.[2]

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion only requests administrative—and not substantive—consolidation of the Debtors' estates. For example, any creditor still may file a claim against a particular Debtor or its estate (or against both Debtors and their respective estates) and intercompany claims between the Debtors will not be affected.

## NOTICE AND NO PRIOR REQUEST

15. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of secured claims against the Debtors; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) counsel to the Prepetition Secured Parties and the Postpetition Secured Parties (as defined in the Bianchi Declaration); (v) counsel to Zeta Global Holdings Corp., the stalking horse bidder; (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the Southern District

---

[2] Certain information in the Debtors' Monthly Operating Reports—including receipts, disbursements, profit and loss statements, and balance sheets—shall be provided on a Debtor-by-Debtor basis.

5

of New York; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors submit that such notice is sufficient in view of the facts and circumstances of these Chapter 11 Cases and that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 19, 2018
      New York, New York

*/s/ Andrew N. Goldman*
Andrew N. Goldman
Nancy L. Manzer
Benjamin W. Loveland (*pro hac vice* pending)
Christopher D. Hampson (*pro hac vice* pending)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York  10007
Telephone:     (212) 230-8800
Facsimile:      (212) 230-8888

*Proposed Counsel to the Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| COLLECTIVE, INC., | ) Case No. 18-_____ (___) |
| Debtor. | ) |
| Tax I.D. No. 20-5762024 | ) |
| In re: | ) Chapter 11 |
| CME CO-OP, LLC, | ) Case No. 18-_____ (___) |
| Debtor. | ) |
| Tax I.D. No. N/A | ) |

**ORDER PURSUANT TO FED R. BANKR. P. 1015(b)**
**DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion of Collective, Inc. and CME Co-Op, LLC, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"),[1] pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order directing the joint administration of the Debtors' related Chapter 11 Cases for procedural purposes only (the "**Motion**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of Kerry Bianchi Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that the Debtors' Chapter 11 Cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court; and it is further

ORDERED that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Debtors' Chapter 11 Cases; and it is further

*[Continued on Next Page]*

ORDERED that the caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| COLLECTIVE, INC., *et al.*, | ) | Case No. 18-_____ (___) |
|  | ) |  |
| Debtors.[2] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

; and it is further

ORDERED that a docket entry shall be made in the Chapter 11 Cases of Collective, Inc. and CME Co-Op, LLC substantially as follows:

> An Order has been entered in accordance with rule 1015(b) of the Bankruptcy Rules directing the procedural consolidation and joint administration of the chapter 11 cases of Collective, Inc. and CME Co-Op, LLC.  The docket in Case No. 18-[   ] (   ) should be consulted for all matters affecting the case.

; and it is further

ORDERED that the Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the United States Trustee for Region 2 (revised December 14, 2017), by consolidating the information required for each Debtor in one report; provided that, certain information—including receipts, disbursements, profit and loss statements, and balance sheets—shall be provided on a Debtor-by-Debtor basis; and it is further

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Collective, Inc. (2024) and CME Co-Op, LLC (N/A).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 72 Madison Ave, 3rd Floor, New York, NY 10016.

3

ORDERED that the Debtors are authorized to take all action necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2018
       New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE