WILMER CUTLER PICKERING
  HALE AND DORR LLP
Andrew N. Goldman
Nancy L. Manzer
Benjamin W. Loveland (*pro hac vice* pending)
Christopher D. Hampson (*pro hac vice* pending)
7 World Trade Center
250 Greenwich Street
New York, New York  10007
Telephone:     (212) 230-8800
Facsimile:     (212) 230-8888

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| COLLECTIVE, INC., *et al.*, | Case No. 18-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
DEBTORS TO FILE CONSOLIDATED LIST OF 30 LARGEST
UNSECURED CREDITORS; (II) WAIVING THE MATRIX
REQUIREMENTS; (III) AUTHORIZING DEBTORS TO ESTABLISH
PROCEDURES FOR NOTIFYING CREDITORS OF COMMENCEMENT
OF CASES; (IV) ESTABLISHING REQUIREMENTS FOR FILING AND
SERVING NOTICES, MOTIONS AND OTHER PAPERS FILED IN
THESE CHAPTER 11 CASES; AND (V) GRANTING RELATED RELIEF**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Collective, Inc. (2024) and CME Co-Op, LLC (N/A).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 72 Madison Ave, 3rd Floor, New York, NY 10016.

Collective, Inc. and CME Co-Op, LLC, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), by and through their

undersigned counsel, hereby submit this *Debtors' Motion for Entry of an Order (i) Authorizing*

*Debtors to File Consolidated List of 30 Largest Unsecured Creditors; (ii) Waiving the Matrix*

*Requirements; (iii) Authorizing Debtors to Establish Procedures for Notifying Creditors of*

*Commencement of Cases; (iv) Establishing Requirements for Filing and Serving Notices,*

*Motions and Other Papers Filed in these Chapter 11 Cases; and (v) Granting Related Relief* (the

"**Motion**"), and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the

"**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York dated January 31, 2012.  This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III

of the United States Constitution.

2.      The statutory predicates for the relief sought herein are sections 105(a), 342(a),

and 521(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or

modified, the "**Bankruptcy Code**"), rules 1007, 1015(c), 2002 and 9007 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "**Local Bankruptcy Rules**").

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

4.      On the date hereof (the "**Petition Date**"), the Debtors commenced voluntary cases

under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors continue to

operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

6. Additional information regarding the Debtors' business operations, corporate and capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the Declaration of Kerry Bianchi Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on the date hereof (the "**Bianchi Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## RELIEF REQUESTED

7. By this Motion, the Debtors request entry of an order (a) authorizing the Debtors to file a consolidated list of the creditors holding the thirty (30) largest unsecured claims; (b) waiving the requirement that the creditor list be filed in the "matrix" format and extending the deadline until as soon as practicable, but no sooner than fourteen (14) days after the Petition Date; (c) authorizing the Debtors to implement certain procedures (the "**Notice Procedures**") for providing notice to creditors of the commencement of these Chapter 11 Cases (the "**Commencement Notice**") and of a meeting of creditors or equity security holders pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting Notice**"), substantially in the form attached to the order as **Exhibit 1**; and (d) establishing requirements for filing and serving notices, motions, and other papers filed in these Chapter 11 Cases (the "**Filing and Service Procedures**").

8. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

## BASIS FOR RELIEF

**A.      Background to Motion**

9.      Under the Bankruptcy Rules and the Local Bankruptcy Rules, each chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of those creditors, excluding insiders, holding the twenty (20) largest unsecured claims in the debtor's case (a "**Top 20 List**").  *See* Fed. R. Bankr. P. 1007(d).

10.      Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-1(a) (collectively, the "**Notice Rules**") require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  These rules set forth a number of requirements (collectively, the "**Matrix Requirements**") that, among other things, require creditor lists filed with the Court to follow a particular format and be filed individually by each debtor.

11.      Bankruptcy Rule 2002(a)(1) also provides that the Clerk of Court ("**Clerk**"), or other person directed by the court, must give the debtor, the United States Trustee ("**U.S. Trustee**"), all creditors, and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under Section 341 of the Bankruptcy Code.  Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

12.      Concurrently herewith, the Debtors have filed a motion to retain and employ Epiq Corporate Restructuring, LLC ("**Epiq**") as the noticing agent (the "**Noticing Agent**") in these Chapter 11 Cases.  The Debtors have furnished, or will furnish as soon as practicable after the Petition Date, the Noticing Agent with the names and contact information of parties in interest to these cases.  The Noticing Agent has begun and will continue to compile a list of parties in interest in electronic format (the "**Creditor List**").  The Creditor List is in a format ordinarily used by the Noticing Agent and may not comply with all or some of the various filing

4

requirements.  The information provided to the Noticing Agent will, however, substantially mirror the requirements of Bankruptcy Rule 1007(a).

13.     The Debtors propose that the Noticing Agent send the Commencement Notice to all of the Debtors' creditors on the Creditor List, all equity security holders, and any other person entitled to receive notice of the commencement of these Chapter 11 Cases.  To ensure the availability of a current master mailing list to all parties in these Chapter 11 Cases, the Debtors propose to provide, through the Noticing Agent, an updated Creditor List to the Clerk in electronic format on a regular basis.

**B.**     **The Court Should Authorize the Debtors to File a Single Consolidated Top 30 List**

14.     The purpose of the Top 20 List is to enable the Clerk and the U.S. Trustee to identify creditors so that they can respond to the petition appropriately.  *See In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986).  The Debtors believe that filing a consolidated list of creditors holding the 30 largest unsecured claims against both of the Debtors (the "**Consolidated Top 30 List**") would better facilitate the U.S. Trustee's review of creditors' claims.

15.     These Chapter 11 Cases have two Debtors.  Collective, Inc. is the sole member of CME Co-Op, LLC.  The Debtors' initial review has not revealed any significant creditors of CME Co-Op, LLC.  Under these circumstances, a Consolidated Top 30 List provides better information for the Clerk and the U.S. Trustee than two Top 20 Lists.  Indeed, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would serve only to frustrate its intended purpose.

16.     Accordingly, the Debtors request authority to file the Consolidated Top 30 List in lieu of filing separate Top 20 Lists for each Debtor.  The Debtors believe that such relief is appropriate under the circumstances for the efficient and orderly administration of these cases.

**C.**    **The Court Should Waive the Matrix Requirements**

17.    Apart from the shorter list of creditors, the Debtors must provide notice to hundreds of parties in interest in connection with these Chapter 11 Cases.  Because the Debtors have filed a motion to retain Epiq as their Noticing Agent, it makes most sense for the Creditor List to take the form normally used by Epiq.  Re-formatting the list would impose unnecessary administrative burdens on the Debtors without any corresponding benefit to the estates.  Additionally, because CME Co-Op, LLC has a minimal number of creditors of its own, the Debtors request authority to submit a single consolidated Creditor List.

18.    While the Creditor List must normally be filed on the Petition Date, the Debtors have had to prepare these Chapter 11 Cases on short notice.  The additional time provided by extending this deadline to the earliest practicable date, but no sooner than fourteen (14) days from the Petition Date, will reduce the administrative burden on the estates and reduce the risk of transcription errors.  Consequently, the Debtors believe it is in the best interest of their respective estates and creditors to prepare an unformatted, electronic list of parties in interest maintained by the Noticing Agent.

**D.**    **The Court Should Authorize the Debtors to Establish Procedures for Notifying Creditors of Commencement of Cases**

19.    Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code."  Fed. R. Bankr. P. 2002(a)(1).  Furthermore, Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be sent by mail to all creditors.  Fed. R. Bankr. P. 2002(f).  The Debtors are also required to provide notice of the order for relief and any meeting under

section 341 of the Bankruptcy Code (among other notices) to their equity security holders "in the manner and form directed by the court." Fed. R. Bankr. P. 2002(d).

20.     The Debtors request authority for their Noticing Agent to serve the Commencement Notice, substantially in the form of Official Bankruptcy Form 309F and attached to the Order as **Exhibit 1**, to creditors and all other parties in interest in accordance with Bankruptcy Rules 2002(a) and (f).  The Debtors propose that the Noticing Agent serve the Commencement Notice, any 341 Meeting Notice, and other general notices required to be transmitted in these cases, by e-mail on those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a) and (f), where the Debtors possess e-mail contact information, and by regular mail, postage prepaid, otherwise.  In any event, because the Debtors do not possess a list of mailing addresses for their equity security holders, they respectfully request that the Court authorize the Noticing Agent to serve any general notices required to be transmitted in these Chapter 11 Cases to the equity security holders by e-mail, to the extent such contact information is available.[2]  As set forth in the Proposed Order, the Debtors propose that any creditor, equity security holder, or other party in interest who does not wish to receive notices by e-mail may opt out.

21.     Bankruptcy Rule 2002(*l*) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Fed. R. Bankr. P. 2002(*l*).  In addition to mailing the Commencement Notice, the Debtors propose to publish, as soon as reasonably practicable, the Commencement Notice and any 341 Meeting Notice, on the website maintained by the Noticing Agent at http://dm.epiq11.com/visto.  The

---

[2]      Certain equity holders are former employees whose contact information is not readily available in the Debtors' systems.  The Debtors will provide them notice as soon as practically possible, along with any other equity security holders for whom the Debtors do not currently possess contact information.

Debtors believe that such publication of the Commencement Notice will provide sufficient notice to persons who do not otherwise receive notice by mail or e-mail.

22.     These proposed Notice Procedures will ensure that the Debtors' creditors and other parties in interest receive prompt notice of the commencement of these Chapter 11 Cases and the meeting of creditors.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtors submit that implementation of the Notice Procedures is appropriate in these Chapter 11 Cases to provide adequate notice and within the Court's equitable powers under section 105 of the Bankruptcy Code.  The Debtors hereby request that the Court approve the foregoing as providing sufficient notice of the commencement of these Chapter 11 Cases.

**E.**     **The Court Should Authorize the Debtors to Establish Procedures for Filing and Service in these Chapter 11 Cases**

23.     Additionally, the Debtors request that the Court establish the Filing and Service Procedures substantially in the form set forth in the Order.  The Filing and Service Procedures establish, among other things, a set of standard parties to receive notice of all motions, a process by which parties in interest may request notice, and electronic service to any parties for whom the Debtors have e-mail addresses.  Again, as set forth in the Proposed Order, the Debtors propose that any creditor, equity security holder, or other party in interest who does not wish to receive notices by e-mail may opt out.

24.     The relief requested herein is authorized by Bankruptcy Rules 2002(m), 9007, and 1015(c).  Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P.

2002(m).  Bankruptcy Rule 9007 further provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."  Fed. R. Bankr. P. 9007.  Finally, Bankruptcy Rule 1015(c) provides that when two or more cases are being administered jointly, the Court may enter orders "as may tend to avoid unnecessary costs and delay."  Fed. R. Bankr. P. 1015(c).

25.     The relief requested herein is further supported by section 105(a) of the Bankruptcy Code, which provides, in pertinent part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtors submit that implementation of the Filing and Service Procedures is appropriate in these Chapter 11 Cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

26.     The Debtors also submit that approval of the Filing and Service Procedures is in the best interests of the Debtors and their estates.  If implemented, the Filing and Service Procedures will allow the Debtors and the Court to administer these Chapter 11 Cases efficiently and economically.  By allowing for electronic service (when available and with an opt-out provision), the Filing and Service Procedures will assist the Debtors in their efforts to preserve their funds and maximize the value of their estates, thereby benefitting the Debtors and their estates.

27.     Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interest of the Debtors and their estates.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

28.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h), to the extent applicable.

## NOTICE AND NO PRIOR REQUEST

29.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of secured claims against the Debtors; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) counsel to the Prepetition Secured Parties and the Postpetition Secured Parties (as defined in the Bianchi Declaration); (v) counsel to Zeta Global Holdings Corp., the stalking horse bidder; (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the Southern District of New York; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors submit that such notice is sufficient in view of the facts and circumstances of these Chapter 11 Cases and that no other or further notice need be provided.

30.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just.

Dated:  November 19, 2018
      New York, New York

      */s/ Andrew N. Goldman*
      Andrew N. Goldman
      Nancy L. Manzer
      Benjamin W. Loveland (*pro hac vice* pending)
      Christopher D. Hampson (*pro hac vice* pending)
      WILMER CUTLER PICKERING
       HALE AND DORR LLP
      7 World Trade Center
      250 Greenwich Street
      New York, New York  10007
      Telephone:    (212) 230-8800
      Facsimile:    (212) 230-8888

      *Proposed Counsel to the Debtors*
      *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COLLECTIVE, INC., *et al.*, | ) | Case No. 18-_____ (___) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

### ORDER (I) AUTHORIZING DEBTORS TO FILE CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS; (II) WAIVING THE MATRIX REQUIREMENTS; (III) AUTHORIZING DEBTORS TO ESTABLISH PROCEDURES FOR NOTIFYING CREDITORS OF COMMENCEMENT OF CASES; (IV) ESTABLISHING REQUIREMENTS FOR FILING AND SERVING NOTICES, MOTIONS AND OTHER PAPERS FILED IN THESE CHAPTER 11 CASES; AND (V) GRANTING RELATED RELIEF

Upon the motion of Collective, Inc. and CME Co-Op, LLC, as debtors and debtors-in-possession in the above-captions chapter 11 cases (collectively, the "**Debtors**"),[2] pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "**Bankruptcy Code**"), rules 1007, 1015(c), 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order (i) Authorizing Debtors to File Consolidated List of 30 Largest Unsecured Creditors; (ii) Waiving the Matrix Requirements; (iii) Authorizing Debtors to Establish Procedures for Notifying Creditors of Commencement of Cases; (iv) Establishing Requirements for Filing and Serving Notices, Motions and Other Papers Filed in These Chapter

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Collective, Inc. (2024) and CME Co-Op, LLC (N/A).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 72 Madison Ave, 3rd Floor, New York, NY 10016.

[2]       Capitalized terms not defined herein have the meanings given to them in the Motion or in the Bianchi Declaration, as applicable.

1

11 Cases; and (v) Granting Related Relief (the "**Motion**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and notice of this Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of Kerry Bianchi Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that the following Notice Procedures are approved:

1. The Debtors are authorized to file a single Consolidated Top 30 List in these Chapter 11 Cases, in lieu of each Debtor filing a separate Top 20 List;

2. The Debtors shall provide a consolidated Creditor List to the Clerk in electronic format, in lieu of filing a formatted creditor matrix, and such Creditor List is deemed adequate and sufficient.  The Debtors shall provide this notice as soon as practically possible, but no sooner than fourteen (14) days from the Petition Date.

The Debtors' noticing agent, Epiq Corporate Restructuring, LLC (the "**Noticing Agent**"), shall provide an updated Creditor List to the Clerk in electronic format on a regular basis;

3.  The Commencement Notice and 341 Meeting Notice, substantially in the form annexed hereto as **Exhibit 1**, is approved;

4.  The Debtors, through the Noticing Agent, are authorized to serve general notices required to be transmitted in these Chapter 11 Cases via e-mail where such contact information is available and via first class mail where it is not, including without limitation the Commencement Notice to those parties entitled to receive such notices.  The Debtors, through the Noticing Agent, are also authorized to serve general notices required to be transmitted in these Chapter 11 Cases to their equity security holders by e-mail.  Any creditor, equity security holder, or other party in interest entitled to receive such notices who does not wish to receive notice by e-mail may notify the Noticing Agent and provide a mailing address, and the Noticing Agent will thereafter serve notices on that creditor, equity security holder, or other party in interest by first class mail.  The Debtors shall cause the Commencement Notice to be published on the website maintained by the Noticing Agent at http://dm.epiq11.com/visto/.  The foregoing shall constitute sufficient notice of the commencement of these Chapter 11 Cases and any meeting of creditors under section 341 of the Bankruptcy Code

; and it is further

ORDERED that the following Filing and Service Procedures are approved:

1. The Noticing Agent is authorized to establish a case website available at
   http://dm.epiq11.com/visto (the "**Case Website**"), where, among other things, key
   dates and information about the Debtors' Chapter 11 Cases will be posted;

2. All documents filed in the Debtors' Chapter 11 Cases, including, but not limited
   to, all notices, motions, applications, other requests for relief, all briefs,
   memoranda, affidavits, declarations, and other documents filed in support of such
   papers seeking relief (collectively, the "**Pleadings**"), objections or responses to
   Pleadings (the "**Objections**"), and replies thereto (the "**Replies**" and, together
   with the Pleadings and the Objections, the "**Documents**") shall be filed
   electronically with this Court on the docket of *In re Collective, Inc., et al.*, Ch. 11
   Case No 18-[_____] (___) (the "**Docket**"), pursuant to this Court's General Order
   M-399 (available at http://www.nysb.uscourts.gov/sites/default/files/m399.pdf),
   by users of this Court's case filing system in searchable portable document format
   ("**PDF**"), Microsoft Word, or any other Windows-based word processing format;

3. All Documents shall be served, in the manner described herein, on (i) the
   Chambers of the Honorable [_____] ("**Chambers**"), United States Bankruptcy
   Court for the Southern District of New York, One Bowling Green, New York,
   New York 10004; (ii) the Debtors, c/o Collective, Inc., 72 Madison Ave., 3rd
   Floor, New York, NY 10016 (Attn: Kerry Bianchi and Michelle Nathan); (iii)
   Wilmer Cutler Pickering Hale and Dorr, LLP, as counsel for the Debtors, 7 World
   Trade Center, 250 Greenwich Street, New York, NY 1007 (Attn: Andrew
   Goldman, Esq. and Benjamin Loveland, Esq.); (iv) the Office of the United States
   Trustee for Region 2 (the "**U.S. Trustee**"), 201 Varick Street Suite 1006, New

York, NY 10014; (v) Troutman Sanders LLP, as counsel to the Prepetition

Secured Parties and the Postpetition Secured Parties (as defined in the Bianchi

Declaration), 875 Third Avenue, New York, NY 10022 (Attn: Brett D. Goodman,

Esq.), 600 Peachtree Street, NE, Suite 3000, Atlanta, GA 30308 (Attn: Harris B.

Winsberg, Esq. and Matthew F. Roberts, Esq.); (vi) Manatt, Phelps & Phillips,

LLP, as counsel to Zeta Global Holdings Corp., the stalking horse bidder, 1050

Connecticut Ave., NW, Suite 600, Washington, DC 20036 (Attn: Douglas C.

Boggs, Esq. and Alan M. Noskow, Esq.); (vii) counsel to the statutory committee

of unsecured creditors appointed in these Chapter 11 Cases, if such a committee is

appointed (the "**Creditors Committee**"); (viii) counsel to any other statutory

committee appointed in these Chapter 11 Cases ((i) through (viii) collectively, the

"**Standard Notice Parties**"); and (ix) any person or other entity known to have a

particularized interest in the subject matter of a certain Document (each, an

"**Affected Party**");

4.   Any creditor, equity interest holder, or party in interest that wishes to receive

notice in the Debtors' Chapter 11 Cases and is not otherwise entitled to notice

pursuant to these Filing and Service Procedures shall file a notice of appearance

(a "**Notice of Appearance**") and request for service of papers in accordance with

Bankruptcy Rules 2002 and 9010(b) and these Filing and Service Procedures.

The Notice of Appearance shall include the following: (i) the requesting party's

name and address; (ii) the name of the client, if applicable; (iii) the requesting

party's telephone number; (iv) the requesting party's e-mail address for service by

electronic transmission; (v) the requesting party's address for service by U.S.

mail, hand delivery and/or overnight delivery; and (vi) the requesting party's facsimile number for service by facsimile.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in the Debtors' Chapter 11 Cases shall have any effect unless the foregoing requirements are satisfied.  Any individual or entity that does not maintain and cannot practicably obtain an e-mail address must include in its Notice of Appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, at the Debtors' discretion;

5. The Noticing Agent shall maintain a master service list (the "**Master Service List**"), which shall include the Standard Notice Parties and all persons and entities that have filed a Notice of Appearance pursuant to Bankruptcy Rules 2002 and 9010(b) and the Filing and Service Procedures (the "**Rule 2002 Parties**").  The Master Service List shall contain addresses, facsimile numbers, and e-mail addresses.  The Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Case Website commencing as of the date that is ten (10) days from the date hereof.

6. Pleadings and Objections must be served on the Master Service List and any Affected Parties.  Replies and Documents filed in adversary proceedings are not required to be served on the Rule 2002 Parties.

7.  The proceedings with respect to which notice is limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (ii) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by this Court or otherwise prescribed by the Bankruptcy Code.  Pleadings related to a compromise or settlement must be served on the Master Service List and any Affected Parties, but need not be served on all creditors.  Pleadings related to the abandonment or disposition of property must be served on the Master Service List and any Affected Parties, but need not be served on all creditors and indenture trustees, unless such Pleadings seek the abandonment or disposition of substantially all of the Debtors' property;

8.  The Debtors shall serve the Standard Notice Parties and the Affected Parties by e-mail where such contact information is available to them.  Any creditor, equity security holder, or other party in interest entitled to receive such notices who does not wish to receive notice by e-mail may notify the Noticing Agent and provide a mailing address, and the Noticing Agent will thereafter serve notices on that creditor, equity security holder, or other party in interest by first class mail.   All other parties shall serve the Standard Notice Parties and the Affected Parties by

7

U.S. mail, overnight delivery, hand delivery, or, with the exception of this Court and the U.S. Trustee, facsimile;

9. Any of the Standard Notice Parties and the Affected Parties may request service by e-mail or consent to service by e-mail, and if such request is made or such consent is given, such parties may be served by e-mail in accordance with the Filing and Service Procedures;

10. Parties shall be authorized to serve all Documents on the Rule 2002 Parties by e-mail;

11. All Documents served by e-mail shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in PDF format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the Debtors may, in their sole discretion (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, or (ii) e-mail the parties being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested, or (b) posted on the Case Website;

12. Service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party. If service is made by e-mail, the Debtors shall not be required to serve a paper copy of Documents on interested parties and e-mail service shall satisfy this Court's rules for service;

13. If a party entitled to notice of a Pleading has opted out of service by e-mail, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery; the choice of the foregoing being in the Debtors' sole discretion;

14. Upon the completion of noticing any particular matter, the party seeking relief shall file with this Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice, provided that parties shall not be required to serve the affidavits of service on such recipients.

; and it is further

ORDERED that the Debtors shall satisfy the requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1) and Local Bankruptcy Rule 1007-1 that the Creditor List be filed with the Court with the Debtors' chapter 11 petitions by furnishing the Creditor List to the Noticing Agent as soon as practicable after the Court enters an order authorizing the Debtors to retain the Noticing Agent; and it is further

ORDERED that the Notice Procedures and the Filing and Service Procedures set forth herein and in the Motion satisfy Bankruptcy Rule 6004(a) and the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h), to the extent applicable; and it is further

ORDERED that the requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion; and it is further

*[Continued on Next Page]*

ORDERED that the Debtors are authorized to take all action necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2018
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Commencement Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COLLECTIVE, INC., *et al.*, | ) Case No. 18-_____ (___) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Collective, Inc. (2024) and CME Co-Op, LLC (N/A). The location of the Debtors' corporate headquarters and the Debtors' service address is: 72 Madison Ave, 3rd Floor, New York, NY 10016.

## <u>Notice of Chapter 11 Bankruptcy Case</u>

**For each of the Debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the cases for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of these cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the Debtors or their property. For example, while the stay is in effect, creditors cannot sue, asset a deficiency, repossess property, or otherwise try to collect from the Debtors. Creditors cannot demand repayment from the Debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the cases may be: (i) inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records) at www.pacer.gov, or (ii) obtained by contacting the Debtors' noticing agent Epiq Corporate Restructuring, LLC ("Epiq") by phone at (212) 225-9200 (for callers in the United States or international callers), or at https://dm.epiq11.com/visto.

The staff of the Bankruptcy Clerk's Office and Epiq cannot give legal advice.

| 1.       **Each Debtor's Full Name** | **EIN** | **Case Number** |
|---|---|---|
| Collective, Inc. | 20-5762024 | 18-_____ |
| CME Co-Op, LLC | N/A | 18-_____ |

| 2. | **All other names used by the Debtor(s) in the last 8 years** |
|---|---|
| | Visto; Visto Hub; Visto The Ad Hub; Visto By Collective; Collective Europe; C Collective The Audience Engine; The Audience Engine; Collective Media; Collective Desk; Collective Video; Collective Network; Compass IQ; Compass By Collective; AMP; Web TV; Personifi; All Front; Wherevertising; Life Is But A Screen; TV Accelerator; Advertising Should Be A Deviceful Experience; Causal Attribution |

| 3. | **Address:** 72 Madison Ave, 3rd Floor, New York, NY 10016 | |
|---|---|---|

| 4. | **Debtors' attorney** | Debtors' noticing agent (for court |
|---|---|---|
| | Wilmer Cutler Pickering | documents and case information inquiries) |
| | Hale and Dorr, LLP | |
| | 7 World Trade Center | **If by First Class Mail:** |
| | 250 Greenwich Street | Collective, Inc. Claims Processing Center |
| | New York, NY 10007 | c/o Epiq Corporate Restructuring, LLC |
| | Andrew Goldman | P.O. Box 4420 |
| | Telephone: (212) 230-8800 | Beaverton, OR 97076-4419 |
| | E-mail: andrew.goldman@wilmerhale.com | |
| | | **If by Hand Delivery or Overnight Mail:** |
| | | Collective, Inc. Claims Processing Center |
| | | c/o Epiq Corporate Restructuring, LLC |
| | | 10300 SW Allen Blvd. |
| | | Beaverton, OR 97005 |
| | | Case website: http://dm.epiq11.com/visto |

| 5. | **Bankruptcy clerk's office:** One Bowling Green, New York, NY 10004. Hours open: 8:30 a.m. – 5:00 p.m. Contact phone: (212) 668-2870. Clerk of the Bankruptcy Court: Vito Genna. |
|---|---|
| | Documents in these cases may be filed at this address. You may inspect all records filed in these cases at the Bankruptcy Court Clerk's office or online at www.pacer.gov. |

| 6. | **Meeting of creditors:** The Debtors' representative must attend the meeting to be questioned under oath. Creditors may attend but are not required to do so. | |
|---|---|---|
| | **Time and Date to be Determined** | **Location:** |
| | The meeting may be continued or adjourned to a later date. | [_____] |
| | If so, the date will be on the court docket. | [_____] |

| 7. | **Proof of claim deadline.**  The deadline for filing proofs of claim has not been set. If a deadline is set, the court will send you another notice at a later time. |
|---|---|
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. |
| | Your claim will be allowed in the amount scheduled unless: |
| | • your claim is designated as disputed, contingent or unliquidated;<br>• you file a proof of claim in a different amount; or<br>• you receive another notice. |
| | If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. |
| | You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov. |

|  |  |  |
|---|---|---|
|  |  | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8.** | **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:**<br><br>Notice of deadline will be sent at a later time. |
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in these cases. |
| **10.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the property and may continue to operate their business. |
| **11.** | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the Debtors except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |